IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
KERRY A. CARNEY,                )
                                )
          Plaintiff,            )      8:08CV266
                                )
     v.                         )
                                )
HUSQVARNA PROFESSIONAL          )      MEMORANDUM AND ORDER
OUTDOOR PRODUCTS, INC.,         )
                                )
          Defendant.            )
_____)
```

This matter is before the Court on plaintiff Kerry Carney's ("Carney") objection to removal and motion to remand (Filing No. 8).

**Background**

Carney initially brought this action in the District Court of Gage County, Nebraska (Complaint). Defendant Husqvarna Outdoor Products Inc. ("Husqvarna") removed the action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1441 and 1446 (Filing No. 1). Husqvarna asserts the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Filing No. 1). Carney filed an objection to removal and motion to remand pursuant to 28 U.S.C. § 1447 (Filing No. 8). Carney claims Husqvarna failed to remove the action within the time required by 28 U.S.C. § 1446(b) (Filing No. 8).

The complaint asserts claims for sex discrimination and retaliation against Husqvarna under the Nebraska Fair Employment Practices Act. The complaint does not specify an amount of

damages.  Carney claims the action was removable when Husqvarna was served with the complaint, or alternatively, when Husqvarna was served with plaintiff's Response to First Set of Interrogatories, and Husqvarna removed the action after the time for removal expired (Filing No. 9).  Husqvarna claims the action was not removable until it was served with plaintiff's Third Amended Response to First Set of Interrogatories, and the action was timely removed (Filing No. 1).

### Subject Matter Jurisdiction

In a case based on diversity jurisdiction, there must be complete diversity and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

The parties do not dispute that there is complete diversity of citizenship.  Carney is an individual and resident of Nebraska, and Husqvarna was incorporated in Ohio and has its principal place of business in North Carolina (Complaint; Filing No. 1).

When the complaint does not specify an amount of damages, the removing defendant must prove by a preponderance of evidence that the plaintiff's damages exceed $75,000.  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from

the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). If it "appears to a legal certainty" that the jurisdictional amount is not satisfied, the court will dismiss the case. *Id.* at 884.

Based on the pleadings and discovery in this case, a jury could legally conclude that Carney's damages exceed $75,000. Indeed, Carney does not dispute that she seeks damages in excess of $75,000 (Filing No. 8). In plaintiff's Third Amended Response to First Set of Interrogatories, Carney described her damages in part as follows: $43,800 for lost wages, $8,100 for wage differential, and "Front pay, in lieu of reinstatement in like sums, for a reasonable time into the future as determined by the fact finder." Accordingly, if a jury awarded Carney lost wages and front pay for the same amount as her lost wages for six months, Carney's damages would exceed $75,000. Based on case law, a jury could legally conclude that six months front pay is reasonable. *See Salitros v. Chrysler Corp.*, 306 F.3d 562, 570-574 (8th Cir. 2002); *Belk v. City of Eldon*, 228 F.3d 872, 883 (8th Cir. 2000).

### Timing of Removal

Carney claims the action was not timely removed pursuant to 28 U.S.C. § 1446. Title 28, U.S.C. § 1446(b) states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The Eighth Circuit has established that the thirty-day time limit starts running upon receipt of the initial complaint "only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).

Here, the complaint did not specify an amount of damages; instead, the complaint requested the following relief: back pay and lost benefits; compensatory damages, reasonable attorney fees and costs, and "such further relief as the Court deems just and proper." Similarly, plaintiff's First Response to Interrogatories did not "explicitly disclose" that Carney sought

damages in excess of $75,000.  In plaintiff's First Response to Interrogatories, Carney identified her damages in part as follows: $33,600 for lost wages, $5,600 for wage differential, and "Front pay, in lieu of reinstatement."

In plaintiff's Third Amended Response to Interrogatories, Carney amended the amount of lost wages claimed and specified the amount of front pay she was seeking. Specifically, the plaintiff's Third Amended Response to Interrogatories identified Carney's damages in part as follows: $43,800 for lost wages, $8,100 for wage differential, and "Front pay, in lieu of reinstatement in like sums, for a reasonable time into the future as determined by the fact finder."  Plaintiff's Third Amended Response provided Husqvarna with sufficient information to establish the action was removable.

Husqvarna was served with plaintiff's Third Amended Response to Interrogatories on June 10, 2008, and subsequently removed the action on June 26, 2008 (Filing No. 1). Consequently, Husqvarna removed the action within thirty days of receiving a "paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.  Accordingly,

IT IS ORDERED that Carney's motion to remand is denied.

DATED this 12th day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court